## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY RAY SNEED,**<br><br>                    **Plaintiff,**<br><br>   **v.**<br><br>**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL,**<br><br>              **Defendants.** | **CASE NO.:  3:22-CV-00207**<br><br>*Jury Trial Demanded* |

---

**MEMORANDUM IN OPPOSITION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (B) FILED BY DEFENDANTS JEFF LANDRY, CHRISTOPHER N. WALTERS, AND GRANT L. WILLIS**

---

### STATEMENT OF FACTS

Even at this early stage of the proceedings of this case, the Court is more than familiar with the egregious facts surrounding with the over detention of Bobby Ray Sneed by the defendants for two hundred fifty-six (256) days beyond his fixed parole date.  Nevertheless, because Defendants Jeff Landry and his Assistant Attorneys General Christopher N. Walters and Grant L. Willis (hereinafter collectively the "AG Defendants" continue to advance a false narrative about the facts surrounding this miscarriage of justice and violation of Mr. Sneed's constitutional rights under the color of law, Plaintiff Bobby Sneed does hereby correct the following erroneous facts advanced in the AG Defendants' motion to dismiss.

On March 15, 2021, the panel representing the Committee on Parole did not merely make "an initial decision to grant [Bobby Sneed's] application for parole with conditions," it granted Mr. Sneed parole without any conditions (except for those standard post-release conditions placed on all parolees), immediately after which, and in accordance with this grant of parole, Francis Abbott, then Executive Director of the Parole Board, fixed Mr. Sneed's release date at March 29, 2021.

Nevertheless, as this Court noted in *Sneed v. Abbott, et al*, 3:21-cv-00279-JWD-RLB, the first amended complaint in that case portrayed "*Defendants as petty tyrants who are accountable to no one and who exercise their power without regard to the wellbeing of those within their jurisdiction. If true, Defendants' flagrant disregard of procedural norms in the two hearings at issue, is, at best, irregular, and, at worst, reprehensible.*"[1]

It is because of the long parade of horribles that defendants, including the AG Defendants, imposed upon Mr. Sneed during his 256 days over detention that amounts to the alleged "reprehensible" disregard of the procedural norms exhibited from March 26, 2021 through May 10, 2021 and beyond that AG Defendants should not be dismissed from this case at this time.


## PLATINTIFF'S COUNTER-ARGUMENTS

The entirety of the AG Defendants' argument as to why they should dismissed from this action, especially as to AG Defendants Assistant Attorneys General Willis and Walters (the "AAG Defendants") centers around their claim of immunity in one form or another. In fact, the AAG Defendants even acknowledge in their memorandum in support of their pending Rule 12 (b) Motion to Dismiss, that Mr. Sneed's allegations against them "*relate solely to their legal representation of*

---

[1] See Ruling and Order (Doc. 23) in *Sneed v. Abbott, et al* 3:231-cv-00279-JWD-RLB

*the Parole Board in various court proceedings where Plaintiff challenged the Parole Board's decisions and the authority as to his parole suitability and/or suitability for release onto parole."*[2] Notwithstanding this acknowledgment by the AAG Defendants, said defendants go on to erroneously cite in support for this position United States Supreme Court cases *Imbler v. Pachtman*, 96 S.Ct. 984 (1976) and *Burns v. Reed*, 500 U.S. 478 (1991), as well as the Fifth Circuit case of *Wooten v. Roach,* 964 F.3d 395 (5th Cir. 2020) out of Texas.

However, these cases do not support the AAG Defendants claim of absolute immunity because in these instances, the respective attorneys general in question were acting in their sworn capacity as prosecutors in criminal matters where they were merely carrying out prosecutorial duties.  In the case where Bobby Sneed alleges that Attorney General Landry and the AAGs violated his constitutional rights, a civil case (*Sneed v. Abbott*, et al. Case No. C-711804, 19th Judicial District Court for the Parish of East Baton Rouge), the AAGs were in no way prosecuting Bobby Sneed or carrying out some duty related to the prosecution of a criminal matter, but instead were merely serving as legal counsel for defendants the Louisiana Committee on Parole and its executive director, Francis Abbott, where they defended their clients' unconstitutional and tortious treatment of Mr. Sneed in illegally revoking his parole after he had acquired a liberty interest in the Committee's March 15, 2021 grant of parole followed by the fixing of his release date to be March 29, 2021.

## CONCLUSION

Because Mr. Sneed, in his First Amended Complaint sufficiently set forth facts and allegations, which the Court must accept as true, which set forth a viable case against the AG Defendants, notwithstanding their misplaced assertion of immunity in many different forms, the

---

[2] See Rec. Doc 77-2, Page 9

AG Defendants Rule 12(b) Motion to Dismiss should be denied, and Mr. Sneed allowed to advance his case through the discovery process.

Respectfully submitted,

**THE LAW OFFICE OF JUSTIN B. SCHMIDT**

/s/Justin B. Schmidt
**JUSTIN B. SCHMIDT, LA Bar No. 25864**
1027 Ninth Street
New Orleans, LA 70115
Mobile: (504) 451-6567
Facsimile: (504) 899-9217
Email: Justinschmidtlaw@gmail.com

*Attorney for Bobby Ray Sneed*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2023 a copy of the Plaintiff's Opposition to Defendants Jeff Landry, Christopher N. Walters and Grant L. Willis *Rule 12* (b) *Motion to Dismiss* was filed electronically with the Clerk of Court via the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/Justin B. Schmidt